**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 20, 2023

Blake A. Bennett, Esquire
Cooch and Taylor, P.A.
1007 North Orange Street, Suite 1120
Wilmington, DE 19801

Raymond J. DiCamillo, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

*Via Electronic Mail:*
Francine McKenna
TheDig@Substack.com

RE: ***Richard Frank v. Michael Mullen, et al.,***
Civil Action No. 2023-0381-MTZ

Dear Counsel:

This action was initiated on March 30, 2023, with the filing of a confidential complaint.[1] A public, redacted version of the complaint was filed on April 5.[2] On May 8, the Court docketed a letter from Francine McKenna, "an independent journalist and full-time lecturer in accounting at the Wharton School at the University of Pennsylvania," challenging "the Order to grant confidential treatment" of the complaint.[3] The Court entered a minute order later that day

---

[1] Docket Item ("D.I.") 1.

[2] D.I. 5.

[3] D.I. 9 at 1.

informing the parties that the Court was treating McKenna's letter as a notice of challenge under Court of Chancery Rule 5.1(f).[4]

This Court has a constitutional mandate to ensure its proceedings are open to the public.[5] A party may rather keep pleadings under seal; members of the public, and press, may file notices of challenge to require that party to show good cause for maintaining them under seal.[6] Rule 5.1(f) governs those challenges to confidential treatment, and sets firm deadlines with mandatory consequences for missing them. Under Rule 5.1(f)(2), which governs documents for which a public version is required, "any person may seek continued Confidential Treatment for the Confidential Information redacted from the public version by filing a motion within five days after the filing of the challenger's notice."[7] If no such motion is

---

[4] D.I. 10.

[5] *Soligenix, Inc. v. Emergent Prod. Dev. Gaithersburg, Inc.*, 289 A.3d 667, 671 (Del. Ch. 2023) (citing Del. Const. art. I, § 9); *Horres v. Chick-fil-A, Inc.*, 2013 WL 1223605, at *1–2 (Del. Ch. Mar. 27, 2013).

[6] Ct. Ch. R. 5.1(f) ("Any person may challenge the Confidential Treatment of a Confidential Filing by filing a notice raising the challenge with the Register in Chancery."); *see, e.g.*, *In re Boeing Co. Deriv. Litig.*, 2021 WL 392851 (Del. Ch. Feb. 1, 2021) (confidentiality challenge from "Dow Jones & Company, Inc., publisher of The Wall Street Journal" and a Wall Street Journal reporter); *P'r Invs., L.P. v. Theranos, Inc.*, 2018 WL 1906085 (Del. Ch. Apr. 23, 2018) (confidentiality challenge from a "journalist and documentary film maker"); *Okla. Firefighters Pension Ret. Sys. v. Corbat*, 2017 WL 5484125 (Del. Ch. Nov. 15, 2017) (confidentiality challenge from a Wall Street Journal reporter).

[7] Ct. Ch. R. 5.1(f)(2).

filed within five days, "then the Confidential Filing shall become part of the public record, and the Register in Chancery shall permit access to the Confidential Filing on the docket system to the same extent as any other public filing."[8] If a motion is timely filed, "[t]he person challenging Confidential Treatment shall have five days to file an opposition."[9] "If an opposition to the motion is not timely filed, then the challenge shall be deemed withdrawn and the Confidential Filing shall continue to receive Confidential Treatment."[10]

Under Rule 5.1, McKenna's challenge required the defendants to file a motion for continued confidential treatment by May 15. On May 15, the defendants filed an updated public version of the complaint that included fewer redactions.[11] After the 5:00 p.m. filing deadline passed,[12] the defendants also attempted to file a Motion for Continued Confidential Treatment of Documents Filed Under Seal (the "Motion") responding to "[c]hallenger Francine McKenna" and requesting that the Court keep the complaint confidential. That Motion was filed without a proposed order, and was therefore rejected. The defendants refiled

---

[8] *Id.*

[9] *Id*.

[10] *Id.*

[11] D.I. 12.

[12] Ct. Ch. R. 79.2.

on the sixth day, May 16, making the Motion untimely.[13]  The Motion was accompanied by a certificate of service, which omitted McKenna but included the plaintiff in this action.[14]

Indeed, the defendants did not serve McKenna with the Motion upon filing. Rather, on May 30, over two weeks later, the defendants notified the Court that they had neglected to serve McKenna, and represented that "[t]oday, Defendants are serving Ms. McKenna with a copy of the Motion by email and by registered mail."[15]  Based on this representation, the defendants suggested "that the time for Ms. McKenna to respond (should she choose to respond) begin today or tomorrow."[16]

On June 14, the Court requested a notice of service for McKenna,[17] which the defendants filed that same day.[18]  That notice provides proof of service by registered mail to "The Digging Company LLC" sent May 30, but no proof of

---

[13] D.I. 13.

[14] *Id.* at Certificate of Service.

[15] D.I. 14 at 1.

[16] *Id.*

[17] D.I. 15.

[18] D.I. 16.

service by email, and no proof of service on McKenna herself.[19]  In the absence of proof of service by email, service by mail affords the recipient three additional days to take any required action.[20]  No opposition to the Motion has been received.

In sum, the defendants failed to timely file their Motion; failed to serve McKenna at the time of filing; represented to the Court they would serve her by email and certified mail on May 30 and the Court should start the clock for McKenna's opposition on May 30 or 31; failed to provide proof of service until requested; and only provided proof of service by mail, not email, and on an entity, not McKenna.  If the Court had accepted that the Motion had been timely filed and served by email, McKenna's silence five days after that service would have

---

[19] D.I. 16, Ex. A.  The notice of service states that the Motion was served on June 3.  D.I. 16.  Under Court of Chancery Rule 5(b), "Service by mail is complete upon mailing."  Ct. Ch. R. 5(b).  The Digging Company was served on May 30.

The defendants have offered no explanation as to how service on The Digging Company effectuated service on McKenna.  I might infer from McKenna's notice of challenge that she is affiliated with The Digging Company, given that her newsletter is named "The Dig," her email address is TheDig@Substack.com, and her letterhead contains a sketch of an excavator.  D.I. 9.  But her letterhead provides her letter originated in Philadelphia, while The Digging Company was served in Chicago.  *Id.*; D.I. 16, Ex. A.  I cannot conclude the signature on the green card matches her notice of challenge, and the recipient did not print their name.  D.I. 9; D.I. 16, Ex. A.  I cannot conclude that McKenna was actually served.

[20] Ct. Ch. R. 6(e).

compelled the erroneous conclusion that her notice of challenge was withdrawn, and that the complaint should remain confidential.[21]

But the defendants did not timely file their Motion on May 15. They succeeded in filing it on May 16. Rule 5.1(f)(2) mandates that if a motion seeking continued confidential treatment is not timely filed, "then the Confidential Filing *shall* become part of the public record."[22] The defendants filed the Motion a day late. The Motion is **DENIED**: the Register in Chancery shall unseal the complaint.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:     All Counsel of Record, via *File & ServeXpress*

---

[21] Ct. Ch. R. 5.1(f)(2).

[22] *Id.* (emphasis added).